L. M. LOOMIS *et al.*

*v.*

ROBERT HODSON *et al.*

*Opinion filed December 22, 1906.*

1. APPEALS AND ERRORS—*writ of error is not a writ of right in a statutory proceeding.* A writ of error is a writ of right in all cases involving property rights or personal liberty, if no right of appeal is given, where the jurisdiction of the inferior court is exercised according to the course of the common law, but not in a statutory proceeding not involving property rights or personal liberty.

2. COUNTY SEATS—*proceeding for removal of a county seat is a statutory one.* Notwithstanding section 4 of article 10 of the constitution makes certain provisions with reference to the removal of county seats, the proceeding provided by the legislature for such removal is a statutory one, since without it the removal could not be accomplished by any common law proceeding.

3. SAME—*county court's decision of contest as to county seat removal is final.* Under section 7 of the act relating to the removal of county seats the decision of the county court in all cases of contest is final and cannot be reviewed by appeal nor writ of error, the proceeding for such removal being a statutory one, not involving property rights or personal liberty.

APPEAL from the Appellate Court for the Second District;—heard in that court on writ of error to the County Court of Henderson county; the Hon. JOHN A. GRAY, Judge, presiding.

A petition signed by the required number of legal voters of Henderson county was filed on July 19, 1904, with the county clerk, praying an order of court authorizing an election to determine whether the county seat of that county should be removed from Oquawka to Stronghurst. Before the election was called an issue was raised as to whether Stronghurst was "nearer to the center of the county" than Oquawka. If it was, then a mere majority of the voters of the county voting favorably would effect a removal; if not nearer, then the votes of three-fifths of the voters of the county would be required. On September 6, 1904, the county court, presided over by a circuit judge, as provided by statute, after hearing evidence, decided that Stronghurst was not nearer to the center of the county than Oquawka, and ordered that an election upon the question of the removal of the county seat from Oquawka to Stronghurst be held on the second Tuesday after the first Monday in November, 1904. A bill of exceptions was made up, containing the evidence heard at the trial as to whether Stronghurst was nearer the center of the county than Oquawka, and signed by the trial judge December 3, 1904. The petitioners for removal sued out a writ of error from the Appellate Court to review the order of September 6, 1904, as to whether the proposed point for the county seat was nearer the center of the county than the present county seat. The writ of error was dismissed by the Appellate Court on the ground that the trial court's decision on the question at issue was final. The decision of the Appellate Court is brought here by appeal for review.

The basis taken for determining the center appears to have been a map designated in the record as "Exhibit 1," and

stipulated by all parties to be a correct map of the county except as to the center of the Mississippi river channel. A reduced outline of this map, with such detail as is requisite to a fuller understanding of the question at issue, is given herewith:

The witnesses for petitioners located the center of the county in substantially the same place, indicated by point A, which is about two and eight-tenths miles nearer to Strong-

hurst than to Oquawka. Point B indicates the center of the county as testified to by the witnesses for the objectors, all their results being located on the same section, although not exactly at the same place, a little less than two miles nearer to Oquawka than Stronghurst.

BERRY, McCRORY & KELLEY, APOLLOS W. O'HARRA, and W. C. IVINS, for appellants:

It is expressly provided in the constitution of this State that "appeals and writs of error shall be allowed from final determinations of county courts, as may be provided by law." Const. 1870, art. 6, sec. 19.

While a county seat could not be removed by legal proceedings at common law, the proceeding for that purpose in this State is not a statutory one, like proceedings relating to highways, drainage and other similar subjects, where the judgment of the inferior court may be made final. The distinction is, that the proceedings relating to highways, drainage, etc., are entirely the creation of the statute, while a proceeding for the removal of a county seat emanates from the constitution of the State and involves a constitutional right, and the proceedings, therefore, must be in pursuance of the provisions of the constitution and the rights thereby conferred.

There are cases holding that when a proceeding is purely statutory a writ of error is not a writ of right when the legislature has seen fit to provide otherwise. But the legislature has not "provided otherwise" where all it has done has been to say the judgment shall be final. A provision of this kind merely prevents an appeal. It has never been construed to mean the right to a writ of error was thereby taken away.

The right to an appeal is but a statutory right and is taken away by a statute making the decision of the lower court "final." But a writ of error is a writ of right, and can not be taken away by the mere statutory provision that the decision of the inferior court shall be "final" or "conclusive."

*Schlattweiler* v. *St. Clair County,* 63 Ill. 450; *Jamaica* v. *Vance,* 96 Ill. App. 598.

In the cases of *Coon* v. *Mason County,* 22 Ill. 666, *Marion County* v. *Harper,* 44 id. 482, *Moore* v. *Mayfield,* 47 id. 168, and *People* v. *Smith,* 51 id. 177, it was held the effect of a statutory provision that the judgment of the lower court should be final was to deny the right of a writ of error. But these cases have been expressly overruled in later cases, viz.: *Schlattweiler* v. *St. Clair County,* 63 Ill. 449; *Haines* v. *People,* 97 id. 161; *Railway Co.* v. *Lux,* 63 id. 523; *Jamaica* v. *Vance,* 96 Ill. App. 598.

In a purely statutory proceeding, where the legislature has provided for an appeal, a writ of error might not lie, but where the remedy by appeal has not been specially provided there can be no doubt a writ of error will lie. *Hart Bros.* v. *Park Comrs.* 186 Ill. 464; *Hall* v. *Thode,* 75 id. 173; *Peak* v. *People,* 76 id. 289; *Kingsbury* v. *Sperry,* 119 id. 279; *Frans* v. *People,* 59 id. 427.

If no right of appeal is allowed it is clear that a writ of error lies, for a writ of error is a writ of right, and can be prosecuted in all cases upon judgments of the lower court where no other mode of review is provided. *Hyde Park* v. *Dunham,* 85 Ill. 569; *McIntyre* v. *Sholty,* 139 id. 171; *Stuart* v. *People,* 3 Scam. 395.

Inasmuch as the legislature makes the judgment of the county court final, from which no appeal can be had, a writ of error will lie to insure ample consideration and justice. *Unknown Heirs* v. *Baker,* 23 Ill. 430; *Frans* v. *People,* 59 id. 427.

S̄afford & Graham, and I. N. Bassett, for appellees:

The act of 1872, to provide for the removal of county seats, provides that the judgment and order of the court on all preliminary questions shall be final. Hurd's Stat. 1903, chap. 34, secs. 92-98; *Moore* v. *Mayfield,* 47 Ill. 167; *Kin-*

*sloe* v. *Pogue,* 213 id. 302; *Sweeney* v. *Telephone Co.* 212 id. 475.

This is a strictly statutory proceeding, and no appeal or writ of error can be prosecuted from such a case, and also a purely political question, from which no appeal or writ of error can be prosecuted. *Sweeney* v. *Telephone Co.* 212 Ill. 475; *People* v. *Rose,* 211 id. 249; id. 259; *People* v. *Smith,* 51 id. 177; *Hall* v. *Thode,* 75 id. 173; *Dickey* v. *Reed,* 78 id. 261.

If the statute providing that the decision of the county court should be final were unconstitutional or void, still there was no right to a writ of error, and the same should not have been sued out of the Appellate Court. This was a proceeding in the county court. The 212th section of chapter 37 of Hurd's Revised Statutes, passed in 1874, provides that appeals may be taken to the circuit court from the final orders and decisions in all matters except as provided in section 213. Section 213 provides that appeals and writs of error may be taken and prosecuted from the county court to the Supreme Court or the Appellate Court in proceedings for confirmation of special assessments, in proceedings for the sale of land for taxes and special assessments, and in all common law and attachment cases and cases of forcible detainer and forcible entry and detainer.

Section 19 of article 6 of the constitution provides that appeals and writs of error shall be allowed from the final determination of county courts, as may be provided by law. The provision of the statutes allowing appeals to the circuit court is the only remedy. *Allerton* v. *Hopkins,* 160 Ill. 457; *Hall* v. *Thode,* 75 id. 173; *Hart Bros.* v. *Park Comrs.* 186 id. 469.

The provision of the statute in this case is only for the decision of the preliminary questions prior to the election. The matter could have been raised by the appellants by a bill in chancery to contest the election. Hurd's Stat. 1903, chap. 46, sec. 117-119.

Mr. JUSTICE CARTER delivered the opinion of the court:

Section 7 of the statute on the removal of county seats, (Hurd's Stat. 1905, p. 585,) provides, among other things: "All cases of contest arising upon said petitions or affidavit shall have precedence over all other cases at the September term of said court, and shall be heard and determined at said term, and the decision of the county court shall be final." While it is admitted that this language excludes a writ of error as well as an appeal, it is urged that a writ of error is a writ of right, and that the legislature has no power to deprive a party of that right. It has been held by this court in *Haines* v. *People,* 97 Ill. 161, that a writ of error lies either from this court or the Appellate Court to all inferior courts of record, for the purpose of reviewing their final determinations, in all cases involving property rights or personal liberty, where no appeal is given, and that this right exists, independently of any statutory or constitutional provisions, by force of the common law, in all cases in which the jurisdiction of such inferior court is exercised according to the course of the common law.

In *Sweeney* v. *Chicago Telephone Co.* 212 Ill. 475, we held that a writ of error was not a writ of right in a special statutory proceeding, but it is insisted that this cannot be a special statutory proceeding, as section 4 of article 10 of the constitution of 1870 makes certain provisions as to the removal of county seats. It must be admitted that if the legislature had not passed a general law covering the question of the removal of county seats, even with this constitutional provision it would be impossible, by any proceeding known to common law, to effect such removal. In *Kinsloe* v. *Pogue,* 213 Ill. 302, a proceeding involving the removal of a county seat under the statute here in question, this court stated (p. 305): "The statute authorizing the county court to call a county seat removal election provides that the decision of the county court in calling said election shall be final, which

is an equivalent to failing to provide for the review of the action of the court in that regard, by appeal or otherwise." The legislature has committed to the county court the decision of questions arising preliminary to the question for removal of a county seat and made its decision final. We do not think this is contrary to any provision of the constitution or to the decisions of this court. The question at issue does not involve "property rights or personal liberty," and we have repeatedly held that where the legislature had committed the final decision of questions of a somewhat similar nature to the one here involved to public officials or trial courts, this court did not have the right to review such decision. *People* v. *Rose*, 211 Ill. 259; *Moore* v. *Mayfield*, 47 id. 167; *City of Jacksonville* v. *Hamill*, 178 id. 235; *Birket* v. *City of Peoria*, 185 id. 369; *People* v. *Cohen*, 219 id. 200.

Whatever apparent conflict is found in the various decisions of this court bearing on this subject has doubtless arisen because the facts in certain of these cases did not raise the precise question presented in this case, and it was not found necessary to distinguish between the right to a writ of error in cases prosecuted according to the course of the common law and in those cases where a writ of error was invoked in a purely statutory proceeding, when neither property rights nor personal liberty was involved.

The legislature has committed to the county court the final decision of the question at issue in this case. The judgment of the Appellate Court will accordingly be affirmed.

*Judgment affirmed.*

FARMER and VICKERS, JJ., took no part in the decision of this case.