[No. 7868. Department Two.   July 10, 1909.]

D. C. WILLIAMS *et al., Respondents,* v. GEORGE B. COLE *et al., Appellants.*[1]

PUBLIC LANDS—LANDS UNDER WATER—SHORE LINE—ESTABLISH-MENT—LITTORAL RIGHTS.  Where the board of harbor line commissioners filed a plat fixing the shore line of a lake from 39½ to 139 feet distant from an adjacent city block, no part of the block abuts on the shore lands of the lake, and the line is conclusively fixed as to the owner of the block claiming a preference right to purchase shore lands, until vacated for error at the instance of the state or of a party in interest claiming that the shore line was located too far inland.

SAME—CONCLUSIVENESS—JUDGMENT—EXISTENCE OF STREET.   In such a case, the existence of a street between the block and the shore land is conclusively settled by a final judgment against the city in which the court finds that there is no street, and no appeal was taken therefrom by the city.

SAME—RIGHT TO PURCHASE SHORE LANDS—ABUTTERS.  The right of an abutting owner to access to the street in front of his property gives him no right as an abutting owner to the shores of a lake across or bordering on the other side of the street.

Appeal from a judgment of the superior court for King county, Albertson, J., entered March 21, 1908, upon findings in favor of the plaintiffs, in an action to quiet title, after a trial on the merits before the court without a jury.  Affirmed.

*Geo. B. Cole,* for appellants.

*Hastings & Stedman,* for respondents.

RUDKIN, C. J.—This action was instituted to quiet title to an irregular shaped tract of land containing 63-100 of an acre, lying between block 2 of D. T. Denny's second addition to the city of Seattle and the shore line of Lake Union, as fixed and established by the Board of State Land Commissioners of this state.   The city of Seattle and George B.

[1]Reported in 102 Pac. 870.

Cole and wife were made defendants in the action—the city, because it claimed a public street along the north line of block 2; and Cole and wife, because they claimed an interest in the shore lands lying below the line of ordinary high water in the lake, under a contract with the owners of the north half of block 2.

The court below found that the claims of the respective defendants were without right and gave judgment according to the prayer of the complaint. From this judgment the defendants Cole and wife have appealed, but no appeal was prosecuted by the city.

The appellants Cole and wife contend that the north half of block 2 of Denny's second addition abuts or fronts on the shore line of Lake Union; that a street extends along the north line of the block between the block and the lake; that there are no uplands between the block and the lake, save those occupied by the street, and that under their contract with the owners of the north half of block 2 they have a preference right to purchase the shore lands when offered for sale.

On the first day of July, 1907, the Board of State Land Commissioners of this state, acting as a Board of Harbor Line Commissioners, filed a plat of the shore lands of Lake Union with the county auditor of King county, pursuant to the act of February 4, 1907, Laws of 1907, p. 3. This plat located and fixed the shore line of the lake adjacent to block 2 at a point 39.5 feet beyond and north of the northwest corner of the block, and 139 feet beyond and north of the northeast corner of the block, so that the shore line thus established was distant from block 2 at all points from 39.5 feet to 139 feet. This action upon the part of the Board of State Land Commissioners fixed the shore line absolutely and finally until vacated or set aside, and for that reason if no other no part of block 2 abuts or fronts on the shore lands of the lake. If the Board of State Land Commissioners erred to the prejudice of the state by fixing the shore

line below the line of ordinary high water only the state can complain. A different question would be presented if a party in interest claimed that the shore line was located too far inland to the prejudice of his rights.

Nor is the question of the existence of the street along the north side of the block an open one, so far as these appellants are concerned. A final judgment has been entered against the city, from which there has been no appeal, declaring that there is no street there, and in the absence of fraud or collusion that judgment is binding upon the city and upon the general public as well. *Elson v. Comstock*, 150 Ill. 303, 37 N. E. 207; *O'Connell v. Chicago Terminal Transfer Co.*, 14 Ill. 308, 56 N. E. 355; Black, Judgments, § 584; 23 Cyc. 1269.

It may be that an abutting property owner has a right to or an interest in a street distinct and different from that of the general public, and is not foreclosed by a judgment against the municipality, but no such question is presented here. The appellants are not claiming a right of access to abutting property owned by them. They occupy the same relative position as any other member of the community, and as to them the judgment against the city is final and conclusive.

It follows, therefore, that the appellants have no right, title, claim or interest in the tract of land lying between the north line of block 2 and the shore line of the lake as fixed by the Board of State Land Commissioners. What if any rights they may have under their contract to purchase shore lands lying beyond the property in controversy cannot be determined in this action. The judgment is affirmed.

CROW, PARKER, MOUNT, and DUNBAR, JJ., concur.