[No. 10732.   Department One.   September 30, 1912.]

THE STATE OF WASHINGTON, *on the Relation of L. R. Quillen,*
*Clerk of the Town of Winlock, Plaintiff*, v. THE
SUPERIOR COURT FOR LEWIS COUNTY *et al.*,
*Respondents.*[1]

INTOXICATING LIQUORS—LOCAL OPTION ELECTION—PETITION. Rem.
& Bal. Code, § 6294, requiring a petition for a local option election
to designate the name of the precinct in which the petitioners re-
side, their post office address and their street and house number, if
any, is substantially complied with by giving the name of the town
as their post office address, without specifying any precinct, street
or house number, where there was only one voting precinct in the
town, and the houses were not numbered.

Certiorari to review a judgment of the superior court for
Lewis county, Rice, J., entered September 23, 1912, enjoin-
ing the publication of notice of a local option election. Re-
versed.

*W. A. Reynolds*, for plaintiff.

*Thacker & Hancock*, for respondents.

CROW, J.—On August 31, 1912, a petition, signed by one
hundred qualified electors of the town of Winlock, Lewis
county, was filed with the clerk of that municipality. The
petition, including the first signature, reads as follows:

"Petition for a Municipal Local Option Election.

"To the Honorable Clerk of the Town of Winlock, County
of Lewis, State of Washington:

"We, the undersigned, qualified electors of the town of
Winlock, county of Lewis, state of Washington, do hereby
respectfully petition and request you to order, give notice of
and prepare for the submission of the question whether the
sale of intoxicating liquor shall be licensed and permitted
within the said town of Winlock, to the qualified electors
thereof, at the next general county election to be held in

[1]Reported in 126 Pac. 899.

said town of Winlock, to wit, on the fifth day of November, 1912.

"This petition is signed and filed, and this request made in accordance with and under and by the authority of the provisions of chapter 81, of the 1909 session laws of the state of Washington, approved by the governor, March 12th, 1909.

"Name     Post office     Ward—Precinct &    Date of
            Address      House No. if any    Signing.
"Sarah Sweeny   Winlock, Wn.          Aug. 13, 1912."

All other signatures were appended in the same manner. On September 10, 1912, W. H. Crouse, an elector of Winlock, commenced an action in the superior court of Lewis county against L. R. Quillen, clerk of the town of Winlock, to restrain him from publishing notice of the election. The defect in the petition upon which the plaintiff relied as grounds for an injunction was alleged as follows:

"That the said petition so filed with said clerk of the town of Winlock, Lewis county, Washington, is void, illegal, and of no effect in the respects and for the reasons following, to wit: . . . That none of the signers of said petition stated their precinct within which they resided in connection with their signature, and that none of said signers of said petition have named the street and the house number, if any, in connection with their signature thereon where the said signer of said petition resided at the date upon which said elector signed said petition."

The town clerk for an affirmative defense alleged, that the town of Winlock is a municipal corporation of the fourth class, in Lewis county, state of Washington; that but one voting precinct or polling place is included within the corporate limits; that it is not divided into wards or voting precincts; that no system has been adopted for numbering the houses and residences within the corporation, and that the houses therein are not numbered. The trial court found that the petition was subscribed by qualified electors of the unit equal in number to more than thirty per cent of the electors voting at the last general election; that it designated the town of Winlock in Lewis county, Washington, as the place in

which the election is to be held; that it designated the date of
the election; that it stated the question to be submitted; that
all the persons signing the petition stated their post office ad-
dress and the date of their signatures; that none of them
stated the name of the precinct in which they reside; that
none of them stated the name of the street or the house num-
ber of their residences; that no system has been adopted for
numbering the houses and residences within the town; that
they are not numbered; that the town of Winlock has not been
subdivided into wards and precincts; and that there is but
one voting place within the town. Upon these findings, a final
decree was entered, by which the clerk was enjoined and re-
strained from publishing, or causing to be published, any
notice of the election. To review this decree the defendant has
applied to this court for a writ of certiorari, and the cause is
now before us for final consideration.

The only theory on which the petition was held invalid was
that the electors all failed to write opposite their signatures
the name of the precincts in which they reside, or the street
and house numbers of their respective residences.   Section
3 of chapter 81, page 153, Laws 1901 (Rem. & Bal. Code,
§ 6294), relative to petitions for local option elections, pro-
vides that:

"Such petition shall designate the unit in which the elec-
tion is desired to be had, the date upon which the election is
desired to be held, and the question that is desired to be sub-
mitted.   The persons signing such a petition shall state
their postoffice address, the name of the precinct in which they
reside, and in case the subscriber be a resident of a city, the
street and house number, if any, of his residence, and the
date of signature.   Said petition shall be filed not less than
sixty days nor more than ninety days prior to the date upon
which the election is desired to be held.   No signature shall
be valid unless the above requirements are complied with,
and unless the date of signing the same is less than ninety
days preceding the date of filing."

It is manifest that the purpose and intention of this statute
was to require each petitioner to give such information rela-

tive to his place of residence, including his precinct and street number, as would enable interested parties to readily ascertain whether he was in fact an elector residing within the unit in which the election was to be called. All municipal corporations mentioned in § 1 of the local option act (Rem. & Bal. Code, § 6292), are units. We take judicial notice of the fact that many of the larger municipalities of this state are subdivided into precincts for voting purposes. Where such conditions exist, a statement of the precinct in which the electors reside is a necessary aid to any one who may desire to ascertain whether the signer is in fact a qualified elector of the unit; and in any unit having several precincts, the failure of the petitioners to state the particular precinct in which they reside might prove fatal to the petition. In this case the petition in its body specifically states that the subscribers are all qualified electors of the town of Winlock. It is conceded that but one voting place exists within the municipality, and that it constitutes but one precinct. Each signer, after his or her signature, stated his or her post office address to be "Winlock, Washington." A repetition of the word "Winlock" as the particular precinct in which he or she resided would give no additional information, nor would it lend any further assistance to any person who might desire to check up the petition and learn whether the signers were qualified electors as stated. When the petitioners stated in the body of the petition that they were electors of the town of Winlock, they in effect stated that the precinct in which they resided, there being only one precinct. It seems to us that in this instance the petition gives all needful, practical or actual information required by the statute, or that could be given by a most technical compliance with the statute. The manifest purpose of the statute has been fully met. No one has been or can be misled or hindered while making an examination of the petition. The highly technical construction for which the plaintiff below contends would in effect annul rather than enforce the statute. In view of the con-

ceded fact that Winlock has but one polling place, that it is not subdivided into two or more precincts, and that the houses are not numbered as in larger cities, we hold the petition sufficient.

The judgment is reversed, and the action dismissed.

MOUNT, C. J., PARKER, and MORRIS, JJ., concur.