[No. 10838.   Department One.   November 2, 1912.]

THE STATE OF WASHINGTON, *on the Relation of A. J. Forgues, Plaintiff,* v. THE SUPERIOR COURT FOR LEWIS COUNTY, *Respondent.*[1]

INTOXICATING LIQUORS—LOCAL OPTION—ELECTIONS —STATUTES— CONSTRUCTION. A city election for the purpose of electing city officers to carry out the change to a commission form of government is a "general election," within the local option law, Rem. & Bal. Code, § 6294, providing that the petition for an election in a local unit shall be signed by qualified electors equal in number to thirty per cent of the electors voting at the "last general election within such unit."

JUDGMENT—BAR—RES JUDICATA—PARTIES CONCLUDED—CASES OF GENERAL INTEREST. A judgment sustaining a demurrer and dismissing an action brought by a citizen and taxpayer against a city clerk to enjoin the holding of a local option election on the ground

[1]Reported in 127 Pac. 313.

that the petition therefor was insufficient, is *res judicata* and a bar
to a similar action brought for the same purpose by another citizen
and taxpayer alleging his special interest as a retail liquor dealer,
where it is not shown that the former suit was fictitious or collu-
sive.

Certiorari to review a judgment of the superior court for
Lewis county, Rice, J., entered October 25, 1912, in favor
of the defendant, upon stipulated facts, dismissing an action
to enjoin the holding of a local option election.    Affirmed.

*B. H. Rhodes* and *William A. Greene,* for plaintiff.

*W. N. Beal,* for respondent.

Gose, J.—On the 11th day of September, 1912, one Blue,
a citizen and taxpayer of the city of Centralia, a municipal
corporation, commenced an action in the superior court of
Lewis county against L. Mabel Lee, as city clerk of that
city.   He alleged that a certain petition filed with the de-
fendant, having for its object a submission to the qualified
electors of that city on November 5 of the question whether
the sale of intoxicating liquors shall be licensed or prohibited
therein, was illegal and void for the reasons, that the number
of electors voting at the last general election held in said
city prior to the filing of the petition was 1,330; that 480
names were signed to the petition; that neither of the signers
of the petition stated either the name of the precinct wherein
he resided or his post office address.   The petition further al-
leged that the defendant, unless enjoined, would cause such
question to be submitted to the qualified electors of the city
on November 5.   On the 18th day of September, an order
was entered sustaining a demurrer to this petition.   After
the filing of the opinion in *State ex rel. Griffin v. Superior
Court, ante* p. 545, 127 Pac. 120, the relator commenced
a similar action against the same defendant in the same court,
alleging in his petition that he was an elector and a taxpayer
within the city of Centralia; that he was a retail dealer of
intoxicating liquors therein; that he held a license for the

sale of intoxicating liquors issued by the city; and that he also held a retail internal revenue license. He also alleged that the petition attacked in the Blue case was illegal and void for the reason that it was signed by only 471 qualified electors, and that the number of electors voting at the last general election prior to the filing of the petition was 1,759, and that thirty per cent of that number was 528. The record in the Blue case was pleaded as a bar to the relator's case.

The case was called for trial on the 25th day of October; whereupon counsel for the respective parties stipulated, (1) that "the records and files" in the Blue case should be received in evidence; (2) that 1,759 votes were cast at the election held in the city of Centralia on the 28th day of December, 1911, that 440 votes were cast in the 1910 municipal election, that 908 votes were cast at the general county election in 1910, and that the petition was signed by 471 electors; (3) that the election held on the 28th day of December, 1911, was the first and original election held under the commission form of government in the city of Centralia for the election of city officers; and (4): "Mr. Green, this brings the case down to two points, namely, first is the case of Blue v. L. Mabel Lee, clerk of city of Centralia, which was formerly tried in this court, *res judicata* in this case? Secondly, Was the election held on December 28th, 1911, a general election?" The court held that the election held on December 28, 1911, for the election of city officers, was the last general election held in the city of Centralia, and that the judgment in the Blue case was a bar to the relator's action. We think we have fairly stated the record. We have found it somewhat difficult, however, owing to the fact that the record in the Blue case, although admitted in evidence, has not been brought to this court. The relator has sued out an alternative writ of review.

The record presents two questions: (1) Was the election held in the city of Centralia on December 28, 1911, for the purpose of electing city officers to carry out the change to

a commission form of government, a general election within the meaning of the local option law, Laws 1909, page 153, § 3 (Rem. & Bal. Code, § 6294)? And (2), if so, is the judgment in the Blue case a bar to the relator's action?

We think the first question must receive an affirmative answer. In the recent case of *State ex rel. Griffin v. Superior Court, supra*, we had occasion to consider the words "the last general election within such unit," found in the local option act. After considering the purpose and history of the law, we there said:

"To that end we believe that the words 'last general election' were used advisedly and mean any general election at which there has been a general and popular expression of the public will, whether that election be a state, county or city election. Whether the statute would include other elections of a quasi general character, we are not now called upon to decide."

We are satisfied with the conclusion reached in that case, and the reasoning need not be repeated. The rule there announced is decisive upon this question. The election was held in pursuance of the Laws of 1911, page 522, § 3. It was within the unit of the city of Centralia. It was held to elect city officers, and was a general election, and the last general election "within such unit."

There remains to be considered the question of the effect of the judgment in the Blue case. The stability of judgments is the basis of the doctrine of *res judicata*. The term means that a question once decided is, as between parties to the action and those in privity with them, in the absence of fraud, collusion, or review, finally decided. In 23 Cyc. 1269, the following rule is announced respecting the conclusiveness of a judgment in a suit between a taxpayer and a municipality or an officer representing it:

"A judgment for or against a municipal corporation, in a suit concerning a matter which is of general interest to all the citizens or taxpayers thereof, as the levy and collection

22—70 WASH.

of taxes, or public contracts or other obligations, or public property, its title, character or boundaries, is binding, not only on the municipality and its officers, but also upon such citizens or taxpayers, in so far as concerns their rights or interests as members of the general public, although not in respect to rights which they hold as individuals, peculiar to themselves and not shared with the public. And subject to similar limitations, a judgment between certain residents or taxpayers and the municipality may be conclusive on all other citizens similarly situated, and where an action between individuals concerns public interests or rights, and the municipality is represented in the litigation by its proper officers and takes part in the prosecution or defense of the action, it is estopped by the result."

The same rule is announced in *Stallcup v. Tacoma*, 13 Wash. 141, 42 Pac. 541, 52 Am. St. 25.

But it is argued that the relator as the holder of a retail liquor license and an internal revenue license has rights peculiar to himself and not shared by the public, and hence that the Blue judgment is not conclusive upon him. There is, however, an identity of subject-matter in the two suits. They both present the single question of the sufficiency of the petition. The first case was presented and decided upon the assumption that the election of 1910 was to be taken as the basis for determining the sufficiency of the petition. The charge there was that the signatures were illegal because the signers failed to give their post office address or name of their precinct. It is true that the relator as the holder of a retail liquor license has certain rights and privileges not possessed by the general taxpayer, and that the license is in a sense property. The question, however, is, Could he have maintained an action upon the bare allegation of these facts? He did not rely on them alone, but alleged further that he was a taxpayer. We think the answer must be found in the purpose of the petition and the suit. The petitioners are only seeking to have the question whether the sale of intoxicating liquors shall be licensed or prohibited submitted to the qualified electors of the city of Centralia. This involves only the

police policy of the city. A taxpayer may and has litigated the sufficiency of the petition. As to the taxpayer, the judgment in the Blue case is conclusive. The interest of one taxpayer may be many times greater than the interest of some other taxpayer, measured in dollars, but the law regards the difference as one of degree only.

We have read the authorities cited by the relator, but they do not aid in the solution of the question. He has cited *Rahr v. Wittmann*, 147 Wis. 195, 132 N. W. 1107, 36 L. R. A. (N. S.) 392. The facts in that case were that the mayor of a city in his official capacity had prosecuted an action against the same defendant to compel her to remove an obstruction in a certain street, alleging that it was a public street. It was held that the street was not a public street. In a second action, prosecuted by the same plaintiff in his private capacity against the same defendant, it was held that the former judgment was not a bar to the claim that the defendant was estopped as against the plaintiff to deny that it was a street. We do not think the rights of the relator differ so in kind from the rights of the general taxpayer that he can escape the effect of the former judgment.

The relator argues that the former suit was fictitious, and collusive, and for this reason it is not a bar to his action. It suffices to say that the question is presented in neither the pleadings nor the stipulation.

The judgment is affirmed.

Mount, C. J., Crow, and Parker, JJ., concur.