## The People of the State of Illinois ex rel. Edward Kelly, Appellee, v. Maude A. Knoll, Town Clerk, Appellant.

### Gen. No. 6,318.

1. INTOXICATING LIQUORS, § 6*—*when presumed that addresses of signers of petition for local option election correct.* Where the residence addresses of the signers of a petition for a local option election are in the appropriate column and the supporting affidavits state that such addresses are correct, it will be presumed that such addresses are correct.

2. INTOXICATING LIQUORS, § 6*—*when given addresses of signers of petition for local option election sufficient.* Where a petition for a local option election by the inhabitants of a town lying wholly in a farming community contains in the appropriate column the addresses of the inhabitants as in the designated town, county and State, it is sufficient in such respect, and it is unnecessary that the signers designate the particular pieces of land on which they reside.

3. MANDAMUS, § 190*—*when judgment not reversed because moot case.* A judgment awarding a peremptory writ of mandamus to compel a town clerk to submit the local option question to the voters will be affirmed, where the judgment was right and the enforcement was prevented by the respondent until after the election was held.

Appeal from the Circuit Court of Lake county; the Hon. CLAIRE C. EDWARDS, Judge, presiding. Heard in this court at the April term, 1916. Affirmed. Opinion filed August 10, 1916.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

BENJAMIN H. MILLER, PAUL MACGUFFIN and F. B. EBBERT, for appellant.

JAMES G. WELCH, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

On February 1, 1916, a petition was filed with Maude A. Knoll, town clerk of the Town of Vernon, in the County of Lake and State of Illinois, asking her to cause to be submitted in the manner provided by law to the voters of that town at the next election, the proposition: "Shall this Town Continue to be Anti-saloon Territory?" Objections were filed with her to the submission of said matter, and she refused to submit it. Thereafter, on March 11, 1916, a petition was filed in the name of the People on the relation of Edward Kelly against said town clerk for a mandamus requiring her to cause said question to be submitted to the voters of that town at the next election. She was summoned and demurred to said petition and the demurrer was sustained. The petition was amended and the same demurrer was again filed to said petition, and that demurrer was overruled. She elected to abide by the demurrer and a peremptory writ of mandamus was awarded, and from that judgment she prosecutes this appeal.

While the demurrer is special and lengthy, yet the substance of it is that the petition for the submission of said question was invalid because there was not written opposite the signature of each legal voter who signed said petition a sufficient residence address as provided by law, and the sufficiency of the petition in that particular is the only question presented for decision. Section 4 of the act concerning anti-saloon territory (J. & A. ¶ 4640) requires that the petition for the submission of such a proposition shall consist of sheets

having a certain form at the head thereof, and signed by the legal voters, and it requires that "opposite the signature of each legal voter shall be written his residence address (stating the street and house number if there be such)." It is there provided that no signature shall be valid or be counted in considering the petition unless these requirements are complied with; and also that at the bottom of each sheet shall be added a statement signed by a resident of the county with his residence address as aforesaid, stating, among other things, that the respective residences of the signers are correctly stated therein. Upon the petitions so presented to the town clerk, under the heading "Town, City or Village," "House Number," "Street," was written opposite the name of each signer, "Town of Vernon, County of Lake, State of Illinois." At the bottom of each sheet was an affidavit by a person, a resident of the county, giving his address as the "Town of Vernon in the County of Lake and State of Illinois," and stating, among other things, that the respective residences of the signers are correctly stated in the foregoing petition. The amendment to the petition said that there is no incorporated village or city in the said Town of Vernon, and that no signer of said petition resides or did reside upon any official street or at any number on any official street. The contention of appellant is that this petition did not sufficiently comply with the statute requiring that opposite each name should be stated the "residence address" of the signer. *People v. Newell,* 49 Colo. 349, is relied upon by appellant in support of her position. We do not think that when carefully read it supports her contention. Under the statute there in force it was required that opposite each signature should be his residence address. Certain signers wrote after their names the figures and words, "533 Pratt," and many others writing after them wrote ditto marks

under said address. There were other addresses and names written opposite other signatures, and beneath them other signatures with ditto marks. Some persons wrote the word "section," or the abbreviation "Sec." with a number written thereafter. The signatures were held proper and sufficient and the petitions were held sufficient. There was a suggestion there that a person might have as a residence address "The Elms," "Wolhurst," or "Sagamore Hill," and the like. That case holds that the purpose of the law is to enable any one interested to ascertain whether the signer actually lives at the address given and thus to prevent fraud. It was there held that there was opposite the name of each signer in the column prescribed for that purpose what purported to be the residence address or a ditto mark under such address; that the affidavit said that the addresses so written were the signers' correct residence address; and that the court must presume that the figures and words opposite the respective names were the correct residence addresses of the signers of the petitions; and that the court could not take judicial notice of what constitutes a correct residence address. So here, the residence address being stated in the correct column and the affidavit being in the correct form, it is not for the courts to say that it is not the correct residence address. There is no claim in this case that there was any place where any signer lived that had any distinctive name like "The Elms," or "Sagamore Hill." Reliance is also had upon *State ex rel. Czerny v. Superior Court of King County*, 70 Wash. 592. There a large number of signers did not give the name of the street upon which they resided, and it was held that the statute meant that they should give the street name upon which they lived, if they did live upon a street, even if their house had no number. The case of *State ex rel. Quillen v. Superior Court of Lewis County*, 70 Wash. 343, is in point. There the statute

required opposite the name of the petitioner the name of the precinct in which he resided, his post office address, the street and house number, if any. The signers stated that they were qualified electors of the Town of Winlock, County of Lewis and State of Washington, and in the space underneath the column provided for "Post office address," "Ward," "Precinct," "House No., if any," they only wrote, "Winlock, Wn." There was, in fact, but one election precinct in that town. It was held that the address given was sufficient. In the case at bar, it is suggested by the appellant, that they might have stated the section in which they lived, or even the half or quarter section, and that they could have in some way designated the highway upon which the signer lived, or have given some description of the part of the town in which he could be found. These suggestions might well be addressed to the Legislature, but in a town lying wholly in a farming community where there are no cities or villages it is very seldom that any highway has a street name; and to require them to state the particular piece of land upon which they lived would be judicial legislation. We are of opinion that these signers gave all the "residence address" which they could reasonably be required to give under the statute in question. It is not claimed that the petition was defective in any other respect. We are of opinion that the peremptory writ of mandamus was properly awarded. The time for holding the election was passed before the case reached this court, but inasmuch as the judgment was right and its enforcement was prevented by appellant until after the election was held, it is proper that we affirm that judgment, as was done in *People v. Dillon,* 266 Ill. 272. The judgment is therefore affirmed.

*Affirmed.*