(No. 11005.)

THE PEOPLE *ex rel.* Edward Kelly, Appellee, *vs.* MAUDE A. KNOLL, Town Clerk, Appellant.

*Opinion filed December 21, 1916.*

1. LOCAL OPTION—*purpose of requiring signers of local option petition to state residence.* The purpose of the Local Option law in requiring the signers of a petition for an election to state their residence by street and number is to enable any person interested to ascertain whether the signers actually live at the address given and by that means to prevent fraud.

2. SAME—*courts have no authority to require more definite address of petitioners than required by statute.* Where the signers of a local option petition are unable to give their addresses by street and number because there are no streets or house numbers, the courts have no authority to require the signers to give some other minute description of their residences and the location thereof.

3. SAME—*when stating place of residence as in the town is sufficient.* In territory outside of cities, towns and villages, in which there are neither streets recognized by name nor house numbers, the residence address in the political subdivision is all that is required to be stated by the signers of a petition for an election under the Local Option law.

4. MANDAMUS—*when judgment will not be reversed although it is too late to enforce it as entered.* A judgment awarding a writ

of *mandamus* to compel a town clerk to submit at the next election a proposition under a local option petition will not be reversed merely because the town clerk, by taking an appeal, prevented the enforcement of the judgment at the time the election was held.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Lake county; the Hon. CLAIRE C. EDWARDS, Judge, presiding.

BENJAMIN H. MILLER, PAUL MACGUFFIN, and F. B. EBBERT, for appellant.

JAMES G. WELCH, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On February 1, 1916, a petition of residents and legal voters of the town of Vernon, in Lake county, was presented to the appellant, Maude A. Knoll, town clerk, asking that the question whether the town should continue to be anti-saloon territory should be submitted to the voters of the town at the next election. The appellant refused to submit the question, and on March 11, 1916, a petition in the name of the People of the State of Illinois, on the relation of Edward Kelly, a resident, voter and tax-payer of the town, was filed in the circuit court of Lake county, praying for a writ of *mandamus* commanding her to submit the question to the voters of the town at the next election to be held on April 4, 1916. The court overruled the demurrer of the appellant to the amended petition, and she having elected to stand by her demurrer, the writ was awarded. From the judgment the appellant prosecuted an appeal to the Appellate Court for the Second District, where the judgment was affirmed, and a certificate of importance and an appeal to this court were granted.

The demurrer was special and reiterated in different forms the single objection to the petition that there was not written opposite the signature of each legal voter the residence address, as required by law, and this is the ground upon which the judgments of the circuit court and Appellate Court are attacked in the brief and argument presented to this court.

The statute (Hurd's Stat. 1916, par. 28, p. 1087,) provides the following form of petition, with spaces for signatures of residents and legal voters:

| Name of Signer | House Number | Street | Date of Signing |
|---|---|---|---|
| .................... | ............ | .................... | .................... |

Following the form is a requirement that the petition shall be signed by the legal voters, and "opposite the signature of each legal voter shall be written his residence address (stating the street and the house number if there be such) and the date of signing the same." Opposite the signature of each voter appeared the following: "Town of Vernon, county of Lake, State of Illinois," together with the date of signing the petition, and the appellant refused to submit the question at the election because that designation of a residence address was not regarded by her as sufficient.

The amended petition averred that there was no incorporated village or city in the town of Vernon and that no signer of the petition resided upon any official street or at any number of any official street, from which it necessarily follows that no street or residence number could have been given. It is contended, however, that some further designation of the locality of each residence should have been given, because the purpose of the provision that the residence address shall be written opposite the signature of each legal voter is to enable any person interested to ascertain

whether the signer actually lives at the address given and by that means to prevent fraud. That was the evident purpose of the General Assembly, (*People* v. *Newell,* 49 Colo. 349,) and the provision that if there be a street and house number it shall be stated is well adapted to facilitate an investigation. While that was the purpose, the General Assembly fixed the condition which was regarded as sufficient to accomplish it, and the courts have no authority to add to the condition or to impose a new one. Outside of cities, towns and villages in which there are no streets recognized by name nor house numbers, the residence address in the political subdivision is all that is required by the language of the statute, and in *State* v. *Superior Court,* 70 Wash. 343, such a designation of the residence was considered sufficient. A signer of a petition might, of course, identify his residence by description of the locality or surroundings or the material or character of the house, but surely the General Assembly did not by the language of the act indicate an intention that he must give a minute description of his residence or the place where it was located.

It was the duty of the appellant to comply with the petition and submit the question stated therein at the next election on April 4, 1916. Having refused to perform that ministerial duty, the judgment of the circuit court awarding a peremptory writ of *mandamus* was right. The enforcement of the judgment was prevented by the appellant until after the election was held, but that was not a sufficient reason for the reversal of the judgment. (*People* v. *Dillon,* 266 Ill. 272.) The judgment of the Appellate Court affirming the judgment of the circuit court was therefore correct and free from error.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*