**VONHERBERG v. CITY OF SEATTLE et al.**

District Court, W. D. Washington, N. D.
May 17, 1927.

No. 568.

1. **Municipal corporations ⬅995(1)—Taxpayer and holder of city utility bonds held qualified to challenge city's right to make transfers from utility funds to railroad fund.**

Taxpayer and holder of bonds issued by city against light and water funds *held* qualified to challenge by suit for injunction city's, right to make transfers from such fund to railroad fund, regardless of whether question had become moot.

2. **Action ⬅6—Action to enjoin improper transfer of utility funds did not become moot because of subsequent transfers to pay prior improper transfers.**

Action by taxpayer and holder of bonds issued by city against light and water funds to enjoin improper transfer by city of utility funds did not become moot because of subsequent transfers *after commencement of the action*, to pay prior improper transfers, since wrongful transfer cannot be made right, and action defeated by committing a like wrong to right the prior wrong after action is commenced, and because city council is a continuing body and its act capable of repetition.

3. **Removal of causes ⬅108—Contention that separable controversy, constituting basis of removal to federal court, had become moot, held for trial, and will not be determined on motion to dismiss action as moot.**

Contention that separable controversy between plaintiff and foreign corporation, constituting basis of removal of suit to federal court, had become moot, *held* question for determination at trial on issue of court's jurisdiction, and, if no separable controversy is established, court may then determine whether complaint should be dismissed as against all parties, or as to foreign corporation, or whether *action* should be remanded to state court, after dismissing foreign corporation from case, and matter will not be determined on motion to dismiss action on ground that it has become moot.

4. **Affidavits ⬅18—Issuable facts may not be determined on ex parte affidavits.**

Court may not determine issuable facts on ex parte *affidavits*.

In Equity. Suit by J. G. Vonherberg against the City of Seattle and others, in which defendants filed cross-complaints. On the named defendant's motions to dissolve a temporary restraining order and to dismiss the action on the ground that issue has become moot. Motion to dissolve temporary restraining order granted on plaintiff's consent. Motion to dismiss denied.

Bausman, Oldham & Eggerman and Jay C. Allen, all of Seattle, Wash., for plaintiff.

Thomas J. L. Kennedy, Corp. Counsel, and J. A. Newton, A. C. Van Soelen, and Ray Du-

mett, Assts. to Corp. Counsel, all of Seattle, Wash., for city of Seattle.

James B. Howe, Edgar L. Crider, and Emery E. Hess, all of Seattle, Wash., for Puget Sound Power & Light Co.

NETERER, District Judge. In addition to the facts set out in Re Puget Sound Power & Light Co. (Von Herberg v. City of Seattle et al.) 18 F.(2d) 57, it is only necessary to say that upon motion of the plaintiff a temporary restraining order was issued. The defendant city appeared and filed various motions and demurrers, upon disposition of which in the state court an answer and cross-complaint was filed, and moved that the Puget Sound Power & Light Company be brought in as a necessary party. The motion to bring in the additional party was granted, and thereafter the power company removed the cause to this court. A motion by plaintiff to remand was denied by Circuit Judge Dietrich.

The defendant city now moved to dissolve the temporary restraining order, and upon consent of the plaintiff the motion is granted. The city also moves to dismiss the action upon the ground that the issue has become moot, and in support of this motion files an affidavit of the assistant city treasurer that on February 25, 1927, the defendant city passed Ordinance 52051, entitled "An ordinance relating to and authorizing certain temporary loans to the light fund and the city railway fund, respectively, appropriating moneys therefor, providing for the repayment of such loans and declaring an emergency"; that pursuant thereto the city treasurer transferred from the "light fund" to the "railway fund" the sum of $600,000 as a temporary loan; that all warrants issued against the "railway fund" have been called for payment and are payable on presentation; that the city "railway fund" is now on a cash basis; that the installment of principal and interest due March 1, 1927, aggregating $1,145,665 of municipal street railway utility obligations, are paid; that $350,000 has been paid to the "city light fund" out of the "railway fund"; that the $135,000 transferred pursuant to Ordinance No. 52193 from the "light fund" to the "railway fund" has been paid; "that the daily receipts of the street railway system average more than $16,000 a day; that the temporary loan pursuant to Ordinance No. 52551 will be paid in full from said receipts within the next 60 days."

[1] Whether the issue tendered by the first cause of action is moot is immaterial, so far as this motion is concerned. The motion is directed against the complaint, consisting of two counts. The second count challenges the right

to transfer from the light fund, or from the water fund, to the railway fund. The plaintiff, as a general taxpayer and a holder of bonds issued against the light fund and the water fund, is qualified to challenge this right. Whether the transfer of $600,000 from the water fund to the railway fund and the calling in of the warrants issued against the railway fund, including the warrants held by the plaintiff, makes the issue tendered by that cause of action moot, is not necessary to determine.

[2] Payment of $135,000 transferred from the light fund to the railway fund prior to the date of the bringing of this action, by transferring $600,000 from the same fund after bringing the action, cannot affect the action. If the transfer was wrong when made, it cannot be made right and the action defeated by committing a like wrong to right the prior wrong after the action is commenced. The action may not be defeated by subsequent transfers of funds to pay prior transfers, and by repetition evade review. The city council is a continuing body, and its act is capable of repetition, and from the complaint it is threatening to continue, and the defendant's conduct confirms the complaint, and manifestly by such conduct the city may not defeat in this way the plaintiff's action "without a chance of review." See So. Pac. Terminal Co. v. Interstate Commerce Commission, 219 U. S. 498, 31 S. Ct. 279, 55 L. Ed. 310; McGrain v. Daugherty, 273 U. S. 135, 47 S. Ct. 319, 71 L. Ed. ——, filed January 17, 1927; also, Boise City Irrig. Land Co. v. Clark (C. C. A.) 131 F. 415.

The authorities cited by the defendant have no application to the issue tendered. In City of Paducah v. Paducah Water Co., 258 F. 20, the city sought by ordinance to require the defendant to do certain things not in the franchise ordinance, and, after action was commenced to restrain the city on the ground that it sought to impair its franchise contract rights, the ordinance was repealed and no right asserted. Clearly the question was moot. In California v. San Pablo & T. R. R. Co., 149 U. S. 308, 13 S. Ct. 876, 37 L. Ed. 747, pending action to recover sums of money for taxes, the defendant paid all sums, with interest, penalties, and costs, at a legal depository, and left the issue on appeal clearly moot. In Fisher v. Baker, 203 U. S. 174, 27 S. Ct. 135, 51 L. Ed. 142, 7 Ann. Cas. 1018, the court held, where a petition for writ of habeas corpus was denied because the writ had been suspended, and before appeal the suspension is revoked, the question of power to suspend is moot and not calling for the court's determination. And Knoxville v. Knoxville Water Co., 212 U. S. 1, 29 S. Ct. 148, 53 L. Ed. 371, and Willcox v. Consol. Gas Co., 212 U. S. 19, 29 S. Ct. 192, 53 L. Ed. 382, 48 L. R. A. (N. S.) 1134, 15 Ann. Cas. 1034, obviously are not in point.

Nor is the issue tendered by the second cause of action res adjudicata. Twichell v. Seattle, 106 Wash. 32, 179 P. 127, clearly is foreign to anything suggested in the second cause of action, and Stallcup v. Tacoma, 13 Wash. 141, 42 P. 541, 52 Am. St. Rep. 25, Williams v. Cole, 54 Wash. 110, 102 P. 870, State ex rel. Forgues v. Superior Court, 70 Wash. 670, 127 P. 313, Perlus v. Silver, 71 Wash. 338, 128 P. 661, and Holt Mfg. Co. v. Coss, 78 Wash. 39, 138 P. 322, are palpably beside the tendered issue as to the second count.

[3] On the city's contention that the cause was removed to this court upon motion of the cross-defendant Puget Sound Power & Light Company, upon the ground that there was a separable controversy between the plaintiff and said company, a Massachusetts corporation, and that the record now shows that the principal and interest due on the purchase bonds March 1, 1927, and the street railway warrants owned and held by the plaintiff, have been paid, that the separable controversy is now moot, it suffices to say that upon the trial it will be the duty of the court to determine first its jurisdiction, and, if no separable controversy is established between the plaintiff and the Puget Sound Power & Light Company, to then determine whether the complaint should be dismissed as against all parties, or dismissed as to the power company, and rights adjudicated between the plaintiff and defendant city, or whether the action should be remanded to the state court after dismissing the Puget Sound Power & Light Company from the case. See Charroin v. Romort Mfg. Co. (D. C.) 236 F. 1011; Stevens v. Nichols, 130 U. S. 230, 9 S. Ct. 518, 32 L. Ed. 914.

[4] Issuable facts are tendered, and the court may not determine those facts upon ex parte affidavits.

The motion to dismiss is denied.