[No. 2529. Decided April 3, 1897.]

W. J. Munroe, *Plaintiff*, v. Sedro Lumber and Shingle Company, *Defendant*, Bingham & Holbrook, *Appellants*, Sherman Davis et al., *Respondents*.

LABORER'S LIEN — WHEN EXISTS UPON SHINGLES — REVIEW ON APPEAL — HARMLESS ERROR.

Laborers getting out shingle blocks for one company were entitled to liens on the shingles manufactured therefrom by another company which still retained possession thereof, under Laws 1893,

p. 428, § 2, where such shingles had been manufactured under the existing contract between the two companies whereby one was to furnish a specified number of shingle blocks per month and the other was to cut said blocks into shingles at a specified rate per month, and payment was to be made monthly to the company furnishing the blocks in accordance with the number of shingles sold the previous month.

Appellant cannot complain of a judgment awarding certain claimants a portion of a fund, even if the award be erroneous, when there are sufficient other claimants to exhaust the fund, who have rightfully been awarded priority therein over appellant.

Appeal from Superior Court, Skagit County.—Hon. HENRY McBRIDE, Judge.   Affirmed.

*Million & Houser*, for appellants.

*Moore & Pittman*, and *J. Henry Smith*, for respondents.

The opinion of the court was delivered by

SCOTT, C. J.—The appellants brought suit against Kirby, Hightower & Co. to recover on two notes, and caused a writ of garnishment to be issued and served on the receiver for the Sedro Lumber & Shingle Company.   Said last company had been engaged in the manufacture of shingles from shingle bolts furnished it by Kirby, Hightower & Co.   The shingles on hand were converted into money and the court found that Kirby, Hightower & Co. were entitled to receive $794.26 thereof.   A large number of laborers for Kirby, Hightower & Co., who had performed labor in getting out the shingle bolts, sought to enforce liens against the shingles, and the court found that they were entitled to liens, the amount thereof being largely in excess of the amount aforesaid awarded to Kirby, Hightower & Co., and the court found that the laborers were entitled to such proceeds, to be paid to them upon their claims *pro rata*.

One of the contentions upon the part of the appellants is that such laborers were not entitled to any lien against the shingles; that at most they could only enforce a lien against the shingle bolts while in the possession of Kirby, Hightower & Co., under the statute, Laws 1893, p. 428, § 2. But whatever the law may be generally, under this statute, where possession of such property has been transferred, we are of the opinion that the rule contended for ought not to apply in this case, for these shingle bolts were being manufactured by Kirby, Hightower & Co. for the Sedro Lumber & Shingle Company under an existing contract whereby Kirby, Hightower & Co. were to furnish to the Sedro Lumber & Shingle Company shingle blocks sufficient from which to manufacture shingles at the rate of 140,000 a day for twenty-two days in each month at a stated price. The contract provided that the Sedro Lumber & Shingle Company should cut said blocks into shingles at the rate of 140,000 a day for twenty-two days in each month during the continuance of the contract, and should pay to Kirby, Hightower & Co. on the 5th day of each month the amount due on all shingles shipped the previous month, manufactured from said shingle blocks. The contract also seemed to contemplate a division of certain of the shingles between said parties, and it does not appear from the findings just what shingles the particular moneys, the court found Kirby, Hightower & Co. were entitled to under the contract, were the proceeds of. But, independent of this, and conceding that the shingles belonged to the Sedro Lumber & Shingle Co., in view of the existing contract, we are of the opinion that the laborers who got out the shingle blocks, although under the employment of Kirby, Hightower & Co., could enforce a lien

against the shingles while the same were at the mill
where they were manufactured, as these were, and
were also under the control of the manufacturer or its
receiver.

It also appears that certain of the laborers afore-
said served a notice under § 3124, Gen. Stat., of their
claims for labor performed, within sixty days prior to
said garnishment, and one of the points the appellants
seek to raise is that this statute will not allow the
payment of such claims in cases of garnishment, as it
cannot be considered a writ of a similar nature to an
execution or an attachment.   A number of the re-
spondents appear here by one firm of attorneys, and
certain of them by other attorneys, and they have
filed separate briefs.   One of them contends that this
point is not raised by the record, and furthermore
that, while the court found that such a notice had
been served, it nowhere directed the payment of any
of the proceeds to such laborers.   However this may
be, we regard the point as immaterial so far as these
appellants are concerned, and none of the laborers
have appealed.   For, if it were conceded that none of
the laborers could proceed under the statute in ques-
tion to enforce their claims by such notice, it yet ap-
pears that there is not enough left of the proceeds to
pay the lien claims of the other laborers.   So the ap-
pellants could get nothing in any event, and of course
the appellants are not interested as to whether the
money is distributed among the greater or lesser num-
ber of the employees of Kirby, Hightower & Co.

Affirmed.

GORDON, ANDERS, REAVIS and DUNBAR, JJ.. concur.