[No. 11388. Department Two. February 6, 1914.]

HOLT MANUFACTURING COMPANY, *Appellant,* v. A. J. Coss, *Respondent.*[1]

JUDGMENT—RES JUDICATA—MATTERS CONCLUDED. A judgment declaring the priority of plaintiff's attachment liens over defendant's chattel mortgage upon a crop of wheat, unappealed from or attacked in any manner, is *res judicata,* and precludes the defendant from asserting that the attachment liens were rendered null and void by the debtor's subsequent discharge in bankruptcy, where such discharge took place prior to the entry of the judgment, and might have been urged as a defense to the action, or, if not then proven, as newly discovered evidence and ground for a new trial.

APPEAL — REVIEW — HARMLESS ERROR — ERROR NOT AFFECTING RIGHTS OF APPELLANT. The holder of a second lien upon a crop of wheat is not prejudiced by the fact of a private sale, where it is admitted that it was sold for all it was worth, and did not bring enough to satisfy a prior lien.

Appeal from a judgment of the superior court for Adams county, Holcomb, J., entered April 5, 1913, in favor of the

[1]Reported in 138 Pac. 322.

defendant, upon an agreed statement of facts, in an action for conversion.   Affirmed.

*Zent, Powell & Redfield,* and *F. E. Allison,* for appellant.
*Adams & Naef,* for respondent.

PARKER, J.—The plaintiff, Holt Manufacturing Company, seeks recovery from the defendant, A. J. Coss, sheriff of Adams county, damages which it claims resulted to it from an unlawful sale by the defendant of certain wheat and the appropriation of the proceeds thereof, upon which wheat the plaintiff claims a superior lien by virtue of a chattel mortgage foreclosure and execution issued thereon.   The cause was submitted to the superior court without a jury, upon an agreed statement of facts, for decision upon the merits.   Judgment was thereupon rendered in favor of the defendant, from which the plaintiff has appealed.

The controlling facts may be summarized as follows:   On November 10, 1910, Otto Schoenrock executed and delivered to appellant a chattel mortgage upon wheat to be grown upon certain described land during the season of 1911.   On September 12, 1911, the Inland Trading Company commenced an action in the superior court for Adams county against Otto Schoenrock, and caused a writ of attachment to be issued therein and delivered to respondent, as sheriff, for execution.   On September 13, 1911, respondent, as sheriff, seized and took possession of the wheat here in controversy, it then being the property of Schoenrock, under authority of the writ of attachment.   This wheat was grown in the year 1911, upon land different from that described in the chattel mortgage theretofore given by Schoenrock to appellant.   On October 6, 1911, the Inland Trading Company was awarded judgment in that action against Otto Schoenrock for the sum of $750, and execution was issued thereon, requiring respondent, as sheriff, to sell the wheat held by him under the attachment.   On the same day, appellant filed its summons and

complaint against Otto Schoenrock in the superior court for Adams county, which summons and complaint had theretofore been served upon him, seeking foreclosure of its chattel mortgage and reformation thereof so as to cover the wheat here in controversy. On the same day, judgment and decree reforming and foreclosing the appellant's mortgage was rendered against Otto Schoenrock as prayed for, and execution issued thereon, requiring respondent, as sheriff, to seize and sell the wheat in satisfaction of the judgment and decree of foreclosure. The wheat involved in the reformation and foreclosure decree rendered in favor of appellant was the same wheat which had been seized by respondent as sheriff and then held in his possession under the attachment, in the action of the Inland Trading Company v. Schoenrock.

These two actions were prosecuted to final judgment, entirely independently of each other. Respondent was not a party to appellant's reformation and foreclosure action, nor was appellant a party to the trading company's attachment action. There was, therefore, no adjudication in either of these actions as to the superiority of the respective liens of appellant and the Inland Trading Company upon the wheat. Respondent, as sheriff, proceeded to give notice of sale of the wheat, under the foreclosure execution, and thereupon, on October 16, 1911, the Inland Trading Company commenced an action in the superior court for Adams county, against respondent, as sheriff, and appellant, Holt Manufacturing Company, seeking to enjoin the sale under the foreclosure decree, and also to have the attachment judgment lien of the Inland Trading Company decreed superior to the foreclosure lien of appellant. The sale was enjoined in that action pending the court's decision upon the question of the superiority of the respective liens. On November 22, 1911, Otto Schoenrock filed in the United States district court for the eastern district of Washington his petition in bankruptcy, and was, on that day, duly adjudged a bankrupt.

On November 23, 1911, the action in the superior court

for Adams county involving the superiority of the respective liens of appellant Holt Manufacturing Company and the Inland Trading Company was submitted to that court for final decision upon an agreed statement of facts. On November 27, 1911, the court rendered its decision thereon, and decreed the attachment and judgment lien of the Inland Trading Company to be superior to the foreclosure lien of appellant, Holt Manufacturing Company. That judgment has not been appealed from by the Holt Manufacturing Company. The wheat remained in the possession of respondent, as sheriff. Some controversy arose between respondent, as sheriff, and the trustee in bankruptcy as to their respective rights to the wheat. This controversy was settled between them and the Inland Trading Company by compromise, resulting in respondent selling the wheat at private sale and distributing the proceeds partly to the trustee in bankruptcy and partly to the Inland Trading Company, after the payment of costs and certain other claims upon the wheat. This compromise and distribution of proceeds was approved by the United States district court in the bankruptcy proceedings. The wheat was sold by respondent for $698, which, it is admitted, was its full value. This amount was less than the amount of the Inland Trading Company's decreed superior attachment and judgment lien, the amount of which, as we have noticed, was $750.

Before the commencement of this action, appellant, Holt Manufacturing Company, demanded that respondent, as sheriff, proceed with the sale of the wheat under its foreclosure judgment and decree, appellant's claimed right to have the sheriff so proceed being rested upon the theory that the bankruptcy adjudication of Otto Schoenrock had dissolved the attachment and judgment lien of the Inland Trading Company, and thus left appellant's foreclosure lien as the first and superior lien.

It seems plain, from the contentions of counsel for appellant, that had not Otto Schoenrock been adjudged a bank-

rupt on November 22, 1911, which, we are to remember, was before the hearing and judgment thereon of the superior court for Adams county decreeing the Inland Trading Company's lien to be superior to that of appellant, this action would never have been commenced. The contention now is that the Inland Trading Company's attachment and judgment lien was dissolved and rendered of no effect by the adjudication of Otto Schoenrock's bankruptcy, and that appellant's foreclosure lien was thereby left as the first lien, superior even to the rights of the trustee in bankruptcy. This contention is rested entirely upon § 67, subd. F of the Federal bankruptcy act of 1898, providing:

"That all levies, judgments, attachments, or other liens, obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt. . . ." 30 Stats. at L. 565.

It seems to us the complete answer to this contention is found in the fact that the bankruptcy adjudication occurred before the rendering of the judgment of the superior court in the action brought therein to determine the superiority of the respective liens of appellant, Holt Manufacturing Company, and the Inland Trading Company. If it be true that the bankruptcy adjudication, in the light of the provisions of the bankruptcy act above quoted and the facts disclosed by this record, would render appellant's foreclosure lien superior to the Inland Trading Company's attachment and judgment lien, such fact only argues that there was not brought before the superior court the fact of the bankruptcy adjudication, or that the superior court erroneously decided that the attachment and judgment lien of the Inland Trading Company was superior to that of appellant, Holt Manufacturing Company. That judgment not being appealed from, it is necessarily final as to the superiority of the Inland Trading Company's lien, in so far as that question could be

affected by *facts in existence at the time of the rendition of that judgment*. The argument here advanced does not go to the validity of that judgment; indeed, we do not understand that counsel question it in any respect.

It is suggested that, the bankruptcy adjudication occurring but shortly before the submission of the question of the superiority of the respective liens of appellant and the Inland Trading Company, counsel did not know of the existence of such adjudication and therefore had no opportunity to bring the fact to the attention of the superior court. We have no facts here showing what counsel's knowledge was as to that fact; but, assuming that they had no such knowledge, such fact would only argue that appellant, Holt Manufacturing Company, might be entitled to a new hearing upon the ground of newly discovered evidence and surprise which prevented it from obtaining the judgment it may have been entitled to in the superior court.

We have, then, a judgment of the superior court upon the very question here presented, which has not been appealed from nor sought to be revised in any manner, and no new fact coming into existence since the rendering of that judgment which is material to the controversy, to wit, the question of the superiority of the respective liens of appellant and the Inland Trading Company. It is strenuously insisted that there is not here presented the same question as in the former case before the superior court of Adams county. We are unable to see that such is the fact. The real question there involved was the superiority of these respective liens. That is, in its final analysis, the exact and only question here, as it was there, involved. Counsel for appellant rest their whole case here upon the theory that appellant's foreclosure lien is superior to the attachment and judgment lien of the Inland Trading Company, and they seek to so show by evidence of facts, to wit, the bankruptcy adjudication which was in existence and might have been brought to the attention of the superior court in the prior action where the question of

superiority of the respective liens was involved. Counsel invoked the rule as stated in 23 Cyc. 1290, as follows:

"The estoppel of a judgment extends only to the facts in issue as they existed at the time the judgment was rendered, and does not prevent a reexamination of the same questions between the same parties where in the interval the facts have changed or new facts have occurred which may alter the legal rights or relations of the litigants."

The trouble with counsel's contention is that the rule is not applicable here, because the claimed new fact relied upon in support of appellant's foreclosure lien, to wit, the bankruptcy adjudication of Schoenrock, is not a new or additional fact coming into existence after the rendition of the judgment of the superior court, but is a fact which was then in existence. To be now influenced by that fact in this case would be but to retry what was already tried by the superior court, upon evidence which was then in existence and which was admissible upon that trial. In 23 Cyc. 1291, immediately following the statement of the rule invoked by counsel for appellant, we read:

"But if a point or question was in issue and adjudicated in a former suit, a party bound by the judgment cannot escape the estoppel by producing at a second trial new arguments or additional or different evidence in support of the proposition which was decided adversely to him."

On the question of identity of issues, or causes of action, where a controversy is claimed to have been rendered *res adjudicata* by a former judgment, in 2 Black on Judgments (2d ed.), § 726, it is said:

"For the purpose of ascertaining the identity of the causes of action, the authorities generally agree in accepting the following test as sufficient: Would the same evidence support, and establish both the present and the former cause of action? If so, the former recovery is a bar; if otherwise, it does not stand in the way of the second action."

We are of the opinion that the question here involved has been finally determined against appellant by the former judg-

ment of the superior court for Adams county. Whether that judgment was erroneously rendered, or whether it could have been reformed because of mistake or newly discovered evidence, is wholly foreign to the problem here for solution. Of course, respondent in this case stands in the shoes of the Inland Trading Company so far as appellant's rights are concerned.

Some contention is made that appellant's rights were prejudiced by the private sale of the wheat by respondent, and the disposition of the proceeds thereof by him. In view of the fact that the Inland Trading Company's attachment and judgment lien amounted to $750 and that the admitted value of the wheat which was sold by respondent was only $698, appellant could, in no event, have been prejudiced, whatever disposition of the proceeds may have been made by respondent at the instance of the Inland Trading Company. The Inland Trading Company's superior lien being greater in amount than the value of the wheat, appellant could, in no event, have received any of the proceeds of its sale. *Munroe v. Sedro Lumber & Shingle Co.*, 16 Wash. 694, 48 Pac. 405.

It might well be argued that only the trustee in bankruptcy, as the representative of the general creditors of the bankrupt, would have the right to insist upon the dissolution of the attachment and judgment lien of the Inland Trading Company; and that it was only for their benefit that subdivision F, § 67 of the Federal bankruptcy law above quoted was enacted. This interesting inquiry, however, we need not pursue, in view of our conclusions as to the finality of the judgment of the superior court for Adams county holding the Inland Trading Company's lien to be superior to that of appellant. We conclude that the judgment of the learned trial court must be affirmed.

It is so ordered.

CROW, C. J., FULLERTON, MORRIS, and MOUNT, JJ., concur.