[No. 20948. Department Two. February 7, 1928.]

# P. C. ANDERSON et al., Appellants, v. NATIONAL BANK OF TACOMA et al., Respondents.[1]

[1] PLEADING (26)—COMPLAINT—STATEMENT OF CAUSE OF ACTION IN GENERAL. An action against various parties stated by plaintiff to be an action for rentals, for the purpose of bringing it within the six-year limitation of actions provided by Rem. Comp. Stat., § 157, subdiv. 3, cannot be sustained against one of the defendants upon the theory of his liability for an unauthorized endorsement of a check given in payment of the rent, and misappropriation of the proceeds.

[2] BANKS AND BANKING (23, 33)—FUNCTIONS AND DEALINGS—PAYMENT OF CHECKS—EFFECT OF WRONGFUL PAYMENT—RIGHTS AND LIABILITIES AS TO PROCEEDS. In an action for rentals due from a tenant who, some years before, had given a check in payment which was endorsed by an unauthorized person and paid by the bank, the bank cannot be liable on the theory that it had "accepted" the check as an assignment of the rents; in view of the fact that, under Rem. Comp. Stat., § 3579 a check does not operate as an assignment of the funds, and under Id., § 3522, payment of a check is not an "acceptance" thereof, and that payment of a forged check gives no right of action to the true payee against the paying drawee bank.

[3] HUSBAND AND WIFE (58, 67)—COMMUNITY PROPERTY—EVIDENCE—PRESUMPTIONS—SALES BY HUSBAND. The husband is the agent of the community as to the personal property and his assignment of overdue rentals, constituting mere choses in action, passes all the interest of the community without the signature or assent of the wife.

[4] JUDGMENT (215) — RES JUDICATA — MATTERS THAT MIGHT HAVE BEEN LITIGATED. In an action by an assignee of rentals, in which the defendant alleged full payment by his check in favor of the assignor, given to a co-defendant, P., the claim that defendant P. endorsed the assignor's name without authority and misappropriated the funds, in collusion with his co-defendants, is one that might have been litigated in that suit, and is therefore concluded (in subsequent litigation between the same parties) by the judgment in the first action to the effect that the rent had been paid in full.

[1]Reported in 264 Pac. 8.

[5] SAME (203)—RES ADJUDICATA—PERSONS CONCLUDED — ASSIGNEE.
   The assignee of a chose in action, is concluded by a judgment
   against his assignor in a suit begun before the assignment.

Appeal from a judgment of the superior court for
Pierce county, Remann, J., entered April 27, 1927, dis-
missing an action for rent, upon sustaining a demurrer
to the complaint. Affirmed.

*H. W. Lueders,* for appellant.

*Henry Arnold Peterson* and *Hayden, Langhorne &
Metzger,* for respondents.

HOLCOMB, J.—As stated by counsel for appellants,
this is an action for the recovery of rents accruing on
real estate, evidenced by a check for $675, dated July
5, 1920.

Although the second amended complaint, which is
the pleading involved herein, was not filed until long
afterward, it seems that the action was commenced by
the filing and service of the original complaint on
December 21, 1926. Upon demurrers by the several de-
fendants to the second amended complaint being sus-
tained by the trial court, and appellants electing to
plead no further, the action was dismissed; from which
order this appeal is prosecuted.

The essence of the second amended complaint, some-
what condensed, is as follows:

Appellants were the owners of certain real estate,
and leased the same on June 20, 1915, to defendant
George Lawler, at a monthly rental of thirty-five dol-
lars, beginning July 20, 1915. It is not alleged whether
the lease was oral or in writing, but it is alleged that,
owing to the financial condition of Lawler at that time,
it was agreed that all rentals should be deferred until
the bulb and floriculture industry, which he was en-
deavoring to develop on the premises, should be so
developed as to be upon a rental basis and he was able

to pay rent, which was estimated to be four or five years.

In May, 1923, appellants requested payment on account of the rent, and were told by Lawler that the rent had been paid by checks drawn in favor of appellant P. C. Anderson. It is alleged that Lawler refused to state to whom the checks were delivered or to produce the checks. Accordingly, on September 8, 1923, Anderson demanded payment of the rental up to that date. That demand was refused or ignored, and on the same day Anderson, without the joinder, or, as it is alleged, without the knowledge of his wife, assigned to one Saraha A. Dodge his

" . . . claim for the rent and occupancy of the certain real estate and appurtenances thereto owing to me by George Lawler and Mary F. Lawler, husband and wife, and now occupied by them and heretofore for some time as tenants, the amount due at this time not being exactly known to me, but whatever amount it is, this assignment is to convey and invest in the assignee, with full right to sue for and collect by any and all means at her pleasure."

The assignee thereupon instituted suit in the superior court for Pierce county for the recovery of the rents, which suit was promptly afterwards tried out, and resulted in a judgment that the rent had been paid. Thereupon, Saraha A. Dodge re-assigned to Anderson all her right, title and claim in and to the rent for the occupancy of certain real estate by George Lawler and Mary F. Lawler, as tenants.

It is also alleged that, on June 5, 1920, defendant Lawler gave to defendant Peterson a check in favor of Anderson, expressed to be "in full payment of account, as follows: Rental of house and grounds corner of Marshall & Valley avenues, up to August 2, 1920, $675;" that Peterson, without authority, endorsed the

check, "P. C. Anderson, by Henry Arnold Peterson, his attorney," and procured payment thereof from the defendant bank on which the check was drawn, on June 7, 1920; that the facts as to this check were not learned by appellants until the trial of the Dodge action, and that thereupon they immediately demanded of defendants, the bank and Peterson, payment of the $675 evidenced by this check, which demands were refused. It is further alleged that the defendant bank knew P. C. Anderson's signature, knew or ought to have known that Peterson was not his attorney and not authorized to endorse checks for him, and that the drawing of the check and delivery of the same to Peterson, and payment thereof by the bank, were all part and parcel of a conspiracy to defraud appellants of the $675 rental. The complaint concludes with the following paragraph:

"That by reason of the facts aforesaid the rents remained unpaid, although the said Henry Arnold Peterson, without authority from plaintiff or any one authorized by him, indorsed said check and thereby receipted for the rents in the sum of $675, and the said Lawler is still indebted to plaintiff for said rents, notwithstanding said false and unauthorized receipt, and is liable upon the check for the sum of $675 with interest thereon at six per cent. per annum from the 7th day of June, 1920, until paid."

The prayer of the complaint was, first, for judgment against the defendant bank for $675 and interest; but if that relief should be denied, then, second, for judgment against defendants Peterson and wife for a like amount; but if that relief be denied, then, third, for judgment against defendants Lawler and wife for a like amount.

It will be observed that by the complaint appellants claim (1) that the rents remain unpaid; (2) that

Lawler is still indebted for the rents; (3) that Lawler is liable on the check.

Appellants state in their brief that ''judgment is asked against Lawler by virtue of the admission of the rents due in the check and by virtue of his having issued the check—the check being in the nature of a written contract—and also against Peterson by virtue of his misappropriation of the funds.''

The demurrers of the various defendants were based upon five grounds, but it seems to be assumed by all the parties hereto that they were sustained upon the grounds that the complaint does not state facts sufficient to constitute a cause of action against the demurring defendants, and that the action had not been instituted within the time limited by law.

[1] Appellants assert that, since the allegations of their second amended complaint are admitted by the demurrers to be true as to all matters well pleaded, it appears from the allegations of the complaint that there has been an injury to appellants' property rights, a damage for which the law affords a remedy; and if it is true that Lawler issued a check for the payment of rents for $675, drawn in favor of Anderson, with a clause noted on the face of it that it was in full payment of rent, that this check was endorsed by Peterson without any authority, and that the bank accepted the check and paid it to an unauthorized endorser—then appellants' remedy to recover from Peterson is absolute and cannot be disputed.

But this is not an action for damages against any one. Appellants' first statement that it is an action for rentals, evidently made for the purpose of coming within the six-year statute of limitations as to such rentals (§ 157, subd. 3, Rem. Comp. Stat.) [P. C. § 8162], precludes any such idea of damages. In the next place, if Peterson could be held liable for damages

for unauthorized endorsement of the $675 check, it would in nowise involve either the bank or Lawler, unless they, or either of them, actually participated with knowledge of the fraud.

[2] As to the bank, whatever might be its possible liability in an action of conversion, if brought within the statutory limitation, for converting the funds involved in the $675 check, it cannot be liable in an action of this kind.

Under our negotiable instruments act (§ 3575, Rem. Comp. Stat.) [P. C. § 4256]:

"A check is a bill of exchange drawn on a bank, payable on demand. Except as herein otherwise provided, the provisions of this act applicable to a bill of exchange payable on demand apply to a check."

Section 3579, Rem. Comp. Stat. [P. C. § 4260], provides:

"A check of itself does not operate as an assignment of any part of the funds to the credit of the drawer with the bank, and the bank is not liable to the holder unless and until it accepts or certifies the check."

Under the provisions of the negotiable instruments act relating to bills of exchange, which are made applicable to checks under the foregoing section,

". . . the acceptance of a bill is the signification by the drawee of his assent to the order of the drawer. The acceptance must be in writing and signed by the drawee. . . ." Rem. Comp. Stat., § 3522 [P. C. § 4203].

We have accordingly many times held that the ordinary bank check is not, either in law or equity, an assignment of the funds upon which it is drawn (§ 3579, *supra*), but is purely and simply an order for the payment of money which in nowise affects the debt for which it is given until the order is paid. *National*

*Market Co. v. Maryland Casualty Co.,* 100 Wash. 370, 170 Pac. 1009, 174 Pac. 479, 1 A. L. R. 450.

The check of itself would therefore give the payee Anderson no cause of action against the drawee bank. *National Market Co. v. Maryland Casualty Co., supra; Raynor v. Scandinavian-American Bank,* 122 Wash. 150, 210 Pac. 499, 25 A. L. R. 716. To establish liability against the drawee bank, the check must be accepted in writing signed by such bank, under the provisions of § 3522, *supra. Steele v. Hellar,* 127 Wash. 140, 219 Pac. 879.

Merely stamping a check paid is not an acceptance thereof so as to render the bank liable to the payee. *First National Bank v. Whitman,* 94 U. S. 343, 24 Law Ed. 229; *Hunt v. Security State Bank,* 91 Ore. 362, 179 Pac. 248; *Lone Star Trucking Co. v. City Nat. Bank of Commerce,* 240 S. W. (Tex. Civ. App.) 1000.

And even payment by the drawee bank on an instrument which is actually forged gives no right of action to the true payee or holder against the paying drawee bank. *Lone Star Trucking Co. v. City Nat. Bank of Commerce, supra.* See, also; 7 C. J. 693; case notes to *Southern Trust Co. v. American Bank of Commerce & Trust Co.,* 148 Ark. 283, 229 S. W. 1026, 14 A. L. R. 761; *State v. Bank of Commerce,* 133 Ark. 498, 202 S. W. 834; L. R. A. 1918F 538.

Appellants cite *Coleman v. Seattle National Bank,* 109 Wash. 80, 186 Pac. 275, 12 A. L. R. 108, as a case in their favor. That was a case involving the authority of an agent of a concern to endorse checks, and it was held that the instrument supposed to constitute the authority created no such authority.

[2] We are further of the opinion that the second amended complaint showed upon its face that the questions at issue were adjudicated in the Dodge suit.

The complaint shows that Anderson assigned all claim for rent on September 8, 1923; that the claim so assigned obviously included rent covered by the $675 check, specified to be rental to August 2, 1920. The assignee brought suit, which proceeded to trial and a judgment that the rent had been paid. Appellants now seem to seek to avoid the effect of the Dodge suit as *res judicata* of this, in that Anderson's wife did not join in the assignment to Saraha A. Dodge and is not bound thereby. Under our law, the husband has the management and control of community personal property and community real property; he is the community agent. Rem. Comp. Stat., §§ 6892, 6893 [P. C. §§ 1433, 1434]; *Catlin v. Mills,* 140 Wash. 1, 247 Pac. 1013. Even though there had been a valid lease in writing for a term of years, the husband can make a valid assignment thereof without the joinder and consent thereto of the wife. *Tibbals v. Iffland,* 10 Wash. 451, 39 Pac. 102; *American Savings Bank & Trust Co. v. Mafridge,* 60 Wash. 180, 110 Pac. 1015.

Rents which have become due constitute mere choses in action and are personal property. 36 C. J. 289. Consequently, when Anderson assigned the claim for rental against Lawler to Saraha A. Dodge, he assigned every interest that both he and his wife and co-appellant had therein.

[3] It is alleged in the second amended complaint that in the Dodge suit, which proceeded to trial and judgment in favor of Lawler that the rents had been paid, it appeared that Lawler issued the check drawn to Anderson and endorsed by Peterson. If the power and authority of Peterson did not exist to endorse the check made payable to Anderson, that was a matter which should, and may, have been shown at the trial of that case. At any rate, this court has long been committed

to the doctrine, since *Sayward v. Thayer,* 9 Wash. 22, 36 Pac. 966, 38 Pac. 137, to *Woodland v. First Nat. Bank of Lind,* 124 Wash. 360, 214 Pac. 630, that:

" 'The general doctrine is that the plea of *res judicata* applies, except in special cases, not only to points upon which the court was actually required by the parties to form an opinion and pronounce a judgment, but to every point which properly belonged to the subject of litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time.' "

See, also, *Holt Mfg. Co. v. Coss,* 78 Wash. 39, 138 Pac. 322. In the last cited case we quoted with approval from 23 Cyc. 1291, as follows:

" 'But if a point or question was in issue and adjudicated in a former suit, a party bound by the judgment cannot escape the estoppel by producing at a second trial new arguments or additional or different evidence in support of the proposition which was decided adversely to him.' "

The rule is thus stated in 34 C. J. 909:

"The rule is often stated in general terms that a judgment is conclusive not only upon the questions actually contested and determined, but upon all matters which might have been litigated and decided in that suit; and this is undoubtedly true of all matters properly belonging to the subject of the controversy and within the scope of the issues, so that each party must make the most of his case or defense, bringing forward all his facts, grounds, reasons, or evidence in support of it, on pain of being barred from showing such omitted matters in a subsequent suit; and it is also true that, where the second suit is upon the same cause of action, all matters which might have been litigated are conclusively settled by the judgment; . . ."

[4]    On page 1018 in 34 C. J., it is stated:

"The assignee of a right of property or chose in action is concluded by a judgment for or against his

assignor in a suit begun before the assignment,
. . . .''

From the foregoing authorities, it must appear con-
clusively that appellants are estopped by the Dodge
action from litigating the questions now alleged in
their second amended complaint as against the Lawlers
and the Petersons. If there can be no liability estab-
lished as against the Lawlers and Petersons, there cer-
tainly cannot as against the bank on any theory. The
demurrers were properly sustained and the action cor-
rectly dismissed.

Affirmed.

MACKINTOSH, C. J., FULLERTON, ASKREN, and MAIN,
JJ., concur.