**SCOTT PUBLISHING COMPANY,**
a corporation, Appellant,

v.

**Ralph RODGERS, Trustee in Bankruptcy of Mid-Columbia Publishers, Inc., Bankrupt, Appellee.**

No. 14759.

United States Court of Appeals
Ninth Circuit.

Jan. 27, 1956.

John Gavin, Gavin, Robinson & Kendrick, Yakima, Wash., for appellant.

Thomas Malott, Spokane, Wash., for appellee.

Before HEALY and FEE, Circuit Judges, and MATHES, District Judge.

PER CURIAM.

This appeal is presented upon an agreed statement in accordance with Rule 76 of the Federal Rules of Civil Procedure, 28 U.S.C. The order of the district court appealed from confirms the referee's order dismissing appellant's petition to the bankruptcy court to compel

the trustee to pay appellant the sum of $8,550 from the bankrupt estate on the ground "that the bankrupt estate had been unjustly enriched" to that extent as a result of satisfaction by appellant of a judgment for damages awarded in an action for conversion brought by the trustee against appellant in the courts of the State of Washington.

The claim of unjust enrichment arises from the fact that appellant had assumed a lien for $8,550 on the personal property adjudged to have been converted, and the Washington Supreme Court refused to permit the $8,550 lien to be deducted from the amount found to be the value of the chattel at the time of the conversion. See Crutcher v. Scott Publishing Co., 1953, 42 Wash.2d 89, 253 P.2d 925.

As a result, so the argument goes, the trustee stands unjustly enriched to the extent of the lien, with appellant forced to pay the Washington judgment for the full value of the converted chattel, and to discharge the $8,550 lien as well.

By implied consent the parties conferred on the referee jurisdiction to determine appellant's petition on the merits, MacDonald v. Plymouth Trust Co., 1932, 286 U.S. 263, 52 S.Ct. 505, 76 L.Ed. 1093, and upon the hearing the referee found that the Washington judgment in the conversion action was "a final and complete adjudication of the rights of the parties" at bar to the $8,550 in question.

■■■ The referee was bound to give the state-court judgment "the same full faith and credit" as would be given in the Washington courts. 28 U.S.C. § 1738; cf. Guaranty Trust Co. v. York, 1945, 326 U.S. 99, 108–109, 65 S.Ct. 1464, 89 L.Ed. 2079. And the referee correctly concluded that under Washington law the judgment constituted a final and binding adjudication that the trustee was entitled to the sum in controversy; hence the doctrine of res judicata served to bar appellant's petition. See: Symington v. Hudson, 1952, 40 Wash.2d 331, 243 P.2d 484; Holt Mfg. Co. v. Coss, 1941, 78 Wash. 39, 138 P. 322.

The order of the district court is affirmed.