JEAN DOPKINS MELVIN, Appellant, *v.* LOLA F. FARMER, Administratrix of the Estate of Eola Cline Reade, Deceased, Respondent.

No. 8591

March 17, 1977 ·          561 P.2d 455

*Legarza, Lee, Barengo, Doyle & McNally,* Reno, for Appellant.

*Vargas, Bartlett & Dixon* and *John P. Sande, III,* Reno, for Respondent.

## OPINION

*Per Curiam:*

A petition to admit to probate the will of Eola Cline Reade was filed January 2, 1973.

On January 17, 1973, Myrl H. Soutar and Merna Whelan, nieces of the decedent, petitioned to contest the will. A notice

of this contest was served on Jean Dopkins Melvin, ordering her to respond within thirty days. She failed to do so and the contest was concluded by a court-approved settlement in September 1974. The will was admitted to probate and Lola F. Farmer was appointed administratrix with the will annexed.

On December 6, 1974, Melvin filed a petition contesting the decedent's will. The administratrix moved for summary judgment on the ground that the petition was barred by the provisions of NRS 137.080.[1] The motion was granted and this appeal followed.

The thrust of the argument Melvin has presented suggests that since the prior contest was settled, it was not really a "contest"; thus, we should permit her to now contest the will. In support of this novel contention, she relies on In Re Hoover's Estate, 35 P.2d 188 (Cal.App. 1934).

*Hoover's Estate* is inapposite. There, a contest had been filed and dismissed, without prejudice, and the court correctly ruled there had been "no contest." Here, the contestants reached a court-approved agreement which compromised and settled their differences. When their agreement was approved by the court, it achieved the same status as if the issues had been resolved by the court. *See* In Re Witte's Estate, 171 P.2d 183, 188 (Wash. 1946), where the court observed that such "settlements are favorites of the law" and are "calculated to avert contentions, adjust doubtful rights, contribute to peace and harmony, protect the honor of the family, and avoid litigation, . . ."

Melvin had timely notice of the proceedings brought by the nieces of the deceased; however, she chose not to participate in them. She has tendered no legal reason why she should be immune from the provisions of NRS 137.080. Accordingly, we affirm.

---

[1]NRS 137.080 provides, in pertinent part: *"Who may contest after probate: Filing petition.* When a will has been admitted to probate any interested person other than a party to a contest before probate and *other than a person who had actual notice of such previous contest in time to have joined therein,* may, at any time within 3 months after admission of such will to probate, contest the same or the validity of the will. . . ." [Emphasis added.]